## RUSSELL *v.* BRADLEY.

*(Circuit Court, S. D. New York. May 28, 1892.)*

MALICIOUS PROSECUTION—PUNITORY DAMAGES—PROVINCE OF JURY.

In an action for malicious prosecution, the amount of punitory damages is peculiarly a matter for the jury; and a verdict for the sum of $12,500 will not be set aside or remitted in part, in the absence of prejudice, perverseness, or corruption, merely because the judge thinks it was larger than it should have been.

At Law. Action by Mary E. Russell against James A. Bradley for malicious prosecution. There was a verdict for plaintiff, and defendant moved for a new trial on the ground of excessive damages. Motion denied.

*Thaddeus B. Wakeman,* for plaintiff.
*Chauncey Shaffer,* for defendant.

SHIPMAN, District Judge. This is a motion by the defendant for a new trial in the above-entitled action, for malicious prosecution, upon the grounds that the verdict of $12,500 for the plaintiff was contrary to the evidence and contrary to law; that the damages were excessive; and that sundry exceptions to the rulings of the court upon objection to the testimony were well taken. A new trial cannot be granted upon the ground that a verdict for the plaintiff was contrary to the evidence. The state of the testimony upon the question whether the defendant instigated the prosecution, and upon the facts which were in dispute upon the question of probable cause, was such as required that the case should be submitted to the jury. They were justified by the testimony in finding for the plaintiff, although there was no positive and affirmative testimony that he personally caused the second prosecution to be instituted, or directed that it should be commenced. I do not understand what is meant by the averment that the verdict was contrary to the law, for no exception was taken to the instructions in regard to the law which were given by the court. Nothing need be said upon the defendant's exceptions to the admission of testimony. So far as my attention has been called by the defendant's brief to these exceptions, they are of slender character, and not important upon a motion for a new trial. The serious and substantial and troublesome point is that the damages are unduly excessive. They were mainly punitory, and were based upon the alleged actual malice of the defendant; and it is true that the defendant had, by his conduct, particularly in the newspaper of which he was the owner, furnished evidence from which the jury were justified in finding the existence of malice. I have recently had occasion to consider the subject of punitory damages in actions for injuries to character, and to say that in actions for libel the amount of damages is peculiarly a matter for the jury, and is almost entirely within their discretion, because there can be no fixed or mathematical rule upon the subject, as in actions upon contract; so that it is laid down that courts will not interfere with verdicts in libel suits upon the ground of excessive damages, unless they are satisfied that the verdict was the result of gross error, prejudice, perverseness, or corruption. The rule in regard to excessive punitory damages in actions for malicious prosecution is substantially the same; for, in each class of actions, the punitory character of the verdict is based upon the malice of the defendant, and the aggravated circumstances which surround or characterize the case. If the magnitude of the verdict clearly shows that the jury acted under undue motives, it will be set aside; but this should not be done merely because the court thinks that it was larger than it ought to have been. There was, in this case, no error upon a matter of principle, and neither perverseness nor corruption. The verdict is so large as to cause me to fear or to think that, during the trial, the jury may have conceived an undue prejudice against the defendant. Notwithstanding this fear, I should not be justified in granting a new trial on account of excessive damages. The court should be satisfied that the verdict was the result of prejudice, and I am not satisfied with that conclusion. I

have queried whether I ought not to grant a new trial unless the plaintiff would remit a specified sum, and thus give her an opportunity, rather than risk another trial, to bring the verdict down to an amount which is more satisfactory to my own mind. But such a result requires the conclusion that there ought to be a new trial, and I am not prepared to say that the amount of the verdict, though larger than it ought to have been, shows to my mind that prejudice had caused the minds of the jury to depart from a true equipoise. The motion is denied.